Muse, Christopher J., A.J.
On August 9, 2002, the plaintiffs, Arthur Perry, Jr. and Judith Kozlowski, were granted by flduciaiy deed real property located at 28 Little River Road in Barnstable. At the time of the purchase the property contained a small building and a timber pier. In 1978, the plaintiffs’ predecessor in interest had executed a lease with defendant Cotuit Oyster Co., Inc., which allowed Cotuit to use the building and pier in its shellfishing business. Both the plaintiffs and Cotuit claim an ownership interest in the pier, which at the time of this dispute had fallen into a state of disrepair.
On May 2, 2003, Jason Silva, the Barnstable Building Inspector, notified defendant Cotuit and Joyce Moore, trustee of the will of the plaintiffs’ predecessor in interest[3] that the pier was unsafe.[4] On May 24, 2004, Thomas Perry, the Town of Barnstable Building Commissioner wrote to Cotuit’s counsel that the pier “should be removed due to the damage it sustained last winter” and that in order to remove the pier, a building permit was required. On June 10, 2004, Cotuit applied for a building permit. However, due to the ongoing ownership dispute, Building Commissioner Perry was unable to grant the permit.
Subsequently, Cotuit appealed Building Commissioner Perry’s decision to the Massachusetts State Building Code Appeals Board. Following a duly noticed hearing on December 2, 2004, the Board issued a decision on June 23, 2005. In that decision, the Board noted that it had no jurisdiction over the ownership of the pier, but that it did have jurisdiction to ensure the safety of stuctures. Therefore, because the Board found that the pier had been deemed unsafe by the Barnstable Building Inspector, it ordered removal of the pier. In further evaluating the condition of the pier, the Board also considered photographic evidence,[5] live witness testimony, and Barnstable’s record of written communication concerning the pier.
As a result of the Board’s decision, Cotuit demolished the pier. In the present action, brought pursuant to G.L.c. 30A, §14, the plaintiffs assert that the Board lacked statutory authority under G.L.c. 143, §§6-10, to order the demolition, and therefore, that the Board committed an error of law in reaching its decision. The plaintiffs further argue that the Board’s decision was not based on substantial evidence.

DISCUSSION

Any person aggrieved by a local building commissioner’s failure to act may appeal the decision, or lack thereof, to the State Building Code Appeals Board. G.L.c. 143, §100; 780 Code Mass. Regs. 122.1. In the present case, Commissioner Perry, by declining to issue the building permit to Cotuit, failed to remedy an acknowledged, dangerous structure.[6] This failure to act was sufficient to accord the Board jurisdiction over the matter. Id. As the Board correctly noted, the disputed ownership was irrelevant to the proceeding. There was no error of law.[7]
Moreover, there was substantial evidence in the record to support the Board’s decision that the pier was unsafe. See Hotchkiss v. State Racing Commission, 45 Mass.App.Ct. 684, 695-96 (1998) (substantial evidence standard of review is highly deferential to the agency); Lisbon v. Contributory Retirement Appeal Board, 41 Mass.App.Ct. 246, 257-58 (1996) (agency conclusion must be based upon the reasonable evidence in the record). This evidence consisted of: (1) photographic evidence, which demonstrated that the pier was in a dilapidated condition; (2) the record of communications by the Town of Barnstable concerning the pier’s condition and indicating that the pier’s condition was dangerous and unsafe; and, (3) witness testimony stating that the pier was unsafe. Recognizing the limited scope of review permissible under G.L.c. 30A, this court concludes that the Board’s decision was reasonable based on the facts in the record.
Finally, because the Board determined that the pier was unsafe, and that the local commissioner had failed to act, it had the implicit authority to step into the commissioner’s place to order demolition. See G.L.c. 143, §§7-9. Therefore, the Board did not commit an error of law by ordering the demolition.

*275
ORDER

For the reasons stated herein, the plaintiffs’ Motion for Judgment on the Pleadings is DENIED. The decision of the Massachusetts State Building Code Appeals Board is AFFIRMED.

 The plaintiffs acknowledge receiving a copy of this letter before May 7, 2003.

In the letter, Silva wrote “I don’t mean to alarm you but the dock is in serious need of repair. I suggest you decide to either repair or remove the dock in the interest of public and private safety.”

The picture included a sign stating “Danger Keep Away.”

The parties do not dispute that the pier is a structure within the meaning of G.L.c. 143, §1. See G.L.c. 143, §1 (defining structure as “a combination of materials assembled at a fixed location to give support or shelter, such as a building, framework, retaining wall, tent, reviewing stand, platform, bin, fence, sign, flagpole, recreational tramway, mast for radio antenna or the like. The word ‘structure’ shall be construed, where the context allows, as though followed by the words ‘or part or parts thereof’).

Although not reached by this court for reasons of judicial economy, the defendants have presented a compelling argument that this court’s review of the issue is moot because of the removal of the pier.